**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elmer Carrera, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>  Defendant. | No. CV-24-00100-PHX-DWL<br><br>**ORDER** |

This is an action under the Federal Tort Claims Act ("FTCA") arising from an automotive accident. (Doc. 1.) Plaintiffs Elmer and Erika Carrera, as well as their minor son A.C., "were traveling in their Ford Fusion southbound on Higley Road near East Bridges Boulevard in Maricopa County, Arizona" when their vehicle was struck by a vehicle driven by a federal employee. (*Id.* ¶ 14.) According to the Rule 26(f) report, "minor child A.C. suffered bodily injuries that include, but are not limited to, neck, upper back, lower back, and right shoulder injuries." (Doc. 17 at 3.)

The parties have now reached a settlement. (Doc. 25.) Under the settlement, A.C. would receive a net award of $8,816.16, which consists of a gross payment of $13,025 minus a 25% contingency fee to Plaintiffs' counsel and the payment of a $952.59 insurance lien. (Doc. 26 at 14.) These funds would be held in trust for A.C. until his 18th birthday. (Doc. 26 at 4.)

Because A.C. is a minor, Plaintiffs have filed a motion to approve the settlement of his claim as well as a motion for an expedited hearing. (Docs. 26, 28.) The United States

does not object to the request for settlement approval. (Doc. 27.)

Having reviewed Plaintiffs' motion papers, the Court concludes that it is necessary to hold a hearing before deciding whether to grant the request for settlement approval. As the Ninth Circuit has explained, "[d]istrict courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors. . . . In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (cleaned up). District courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. "If the net recovery of each minor plaintiff under the proposed settlement is fair and reasonable, the district court should approve the settlement as presented, regardless of the amount the parties agree to designate for adult co-plaintiffs and attorney's fees." *Id.* at 1182.

Here, although the proposed settlement may very well be fair and reasonable—for example, Plaintiffs' counsel avows that "[t]his office has assessed the costs of litigation against the recovery for the natural parents of A.C., thereby providing A.C. with no other fees or liens with the exception of the lien for reimbursement of health insurance under ERISA" (Doc. 26 at 17 ¶ 3)—the Court lacks sufficient information to reach that conclusion with certainty. For example, although the Rule 26(f) report suggests that A.C. sustained neck, back, and shoulder injuries, Plaintiffs have not provided any detail as to the nature or severity of those injuries. Without that information, it is impossible to determine whether a distribution of $8,816.16 to A.C. amounts to a fair and reasonable settlement. *Robidoux*, 638 F.3d at 1181-82 (review should include consideration of "the facts of the case" and "the minor's specific claim"). Additionally, Plaintiffs have not provided any information as to the "recovery in similar cases," which is another required consideration under *Robidoux*.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for an expedited hearing (Doc. 28) is **granted**. A motion hearing is set for **October 9, 2024 at 10:00 a.m.** in Courtroom 601 of the Sandra Day O'Connor United States Courthouse. The hearing will be conducted in person and/or via Zoom. Counsel shall advise the Court via email (lanza_chambers@azd.uscourts.gov) no later than **October 4, 2024** as to whether they will appear via Zoom or in person. The Court's staff will provide counsel with the Zoom link for said hearing.

**IT IS FURTHER ORDERED** that if either side needs to move for a continuance, Counsel for both sides shall meet and confer and then file a motion identifying three half-hour periods over the next month during which counsel will be available.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for settlement approval (Doc. 26) remains pending.

Dated this 25th day of September, 2024.

_____
Dominic W. Lanza
United States District Judge